RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5/16/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**THOMAS MARTIN WATKINS**              DOCKET NO. 1:13-CV-228; SEC. P

**VERSUS**                             JUDGE DRELL

**RIVERS CORRECTIONAL, ET AL.**        MAGISTRATE JUDGE KIRK

<u>**REPORT AND RECOMMENDATION**</u>

Before the court is a pro se civil rights complaint (42 U.S.C. §1983) filed in forma pauperis by Plaintiff Thomas Martin Watkins. Watkins is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DOC) and is currently incarcerated at the River Bend Detention Center in Lake Providence, Louisiana. At the time of filing, he was housed at Rivers Correctional Center in Ferriday. He complains that he needs unspecified treatment for Hepatits-C. He seeks injunctive relief in the form of a transfer to a DOC facility.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual Allegations*

Plaintiff arrived at Rivers Correctional Center on September 26, 2012. He advised Nurse Deborah Cowen that he was positive for Hepatitis C and that he wanted treatment for same. Plaintiff was put on the "call-out" list for the physician. On October 31, 2012, Plaintiff was called to the medical department. Nurse Macmanus approached Plaintiff and asked his name. The nurse told the guard

to return Plaintiff to the dorm. Plaintiff alleges that even though he did not see the doctor, he received documentation claiming otherwise, and stating that the doctor ordered lab work. Plaintiff states that the lab work never took place and that he never saw the doctor. Over thirty days later, Chief Ardoin finally brought Plaintiff to see nurse Deborah Cowen. Cowen told Plaintiff that he tested positive for Hepatitis C in August 2012, but that no treatment was available at Rivers Correctional. [Doc. #1, p.4]

Plaintiff complained in writing to Warden Spinner, Chief Ardoin, and Captain Poole. Poole told Plaintiff not to write to the Assistant Warden again, and Plaintiff felt that it was said "in a threatening manner." [Doc. #1, p.4-5]

On February 5, 2013, Plaintiff was transported to Huey P. Long medical center. Plaintiff explained his symptoms to Dr. Reid, and asked the doctor to recommend that Plaintiff be transferred to another facility. The doctor declined. Blood and urine samples were collected from Plaintiff. On February 15, 2013, Plaintiff requested the results from his blood and urine tests. That same day, he was transferred to River Bend Detention Center.

### *Law and Analysis*

Plaintiff's complaint, in which he seeks relief in the form of a transfer to a DOC facility, was filed when Plaintiff was incarcerated at Rivers Correctional. Thereafter, Plaintiff was transferred to River Bend Detention Center. To the extent that Plaintiff sought a transfer out of Rivers Correctional, his claim

is moot. The transfer of a prisoner out of an allegedly offending institution generally renders his claims for declaratory and injunctive relief moot. See Herman v. Holiday, 238 F.3d 660 (5th Cir. 2001)(citing Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1081 (5th Cir. 1991). In order for Plaintiff's claims to remain viable, he would have to establish a "demonstrated probability" or a "reasonable expectation" that he would again be incarcerated at Rivers Correctional Center. See Murphy v. Hunt, 455 U.S. 478, 482 (1982). Plaintiff has presented no allegation or evidence indicating a reasonable likelihood that he would be returned to Rivers Correctional Center. Therefore, Plaintiff's claim as to Rivers Correctional should be dismissed as moot.

To the extent that Plaintiff seeks a transfer out of River Bend Detention Center in Lake Providence, his claim also fails. A prisoner has no constitutional right to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another. See Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Meachum v. Fano, 427 U.S. 215, 224-225 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989); Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982). Plaintiff also implies that, since he was committed to the custody of the LDOC, he should be housed in an LDOC facility. Under Louisiana law, "any individual subject to confinement in a state adult penal or

correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department ..." La. R.S. 15:824(A). Plaintiff is an LDOC inmate and therefore his placement is solely within the purview of the LDOC. Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1974).

*Conclusion*

Plaintiff's request for a transfer from Rivers Correctional Center is MOOT; and, for the foregoing reasons, he is not entitled to a transfer from River Bend Detention Center. Therefore, **IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or

responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 13th day of May, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE